UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**UNITED STATES OF AMERICA**

v.                                                                Case No. 2:22-cr-61-SPC-NPM

**CAMBREL JAMAL SMART**

_____

# ORDER

Before the court is defendant Smart's motion for reconsideration of bond. (Doc. 31). The government responded (Doc. 34), and a hearing was held on August 9, 2022. Smart's motion is denied.

A grand jury returned an indictment charging Smart with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). The government moved for detention, and a detention hearing was held. The court found Smart was a flight risk and danger to the community and ordered detention. (Doc. 15). This challenge followed.

The court may reopen a detention hearing if the court finds "information exists that was not known to the movant at the time of the hearing and that has a material bearing" on detention. 18 U.S.C. § 3142(f). Additionally, the court has inherent reconsideration authority. *See United States v. Russell*, 994 F.3d 1230, 1243 (11th Cir. 2021) ("Although no statute or rule expressly provides for the filing of a motion for reconsideration in criminal cases, federal district courts necessarily have

substantial discretion in ruling on motions for reconsideration."). When considering this extraordinary remedy, courts "generally employ the standards underlying motions for reconsideration in civil cases." *Id*. (quoting *United States v. Razz*, 387 F. Supp. 3d 1397, 1402 (S.D. Fla. 2019)). And those standards permit reconsideration only when there is "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." *Id*. (cleaned up).

As detailed in Smart's motion and argued during the hearing, Smart seeks reconsideration on three grounds.[1] First, Smart argues the information supplied to him during discovery undermines the weight of evidence against him. Second, Smart argues the court was presented with incorrect information with respect to Smart's residence, which went to whether Smart was a flight risk. Third, Smart claims his medical condition and treatment while incarcerated support reconsideration of his detention. None of these grounds, individually or taken together, offer new material evidence not known to Smart at the detention hearing or otherwise show a need to correct clear error or prevent manifest injustice.

---

[1] Smart's written motion also discusses his criminal history and philanthropic activities. (Doc. 31, pp. 6, 10-11). These arguments were not the focus of the reconsideration hearing and fail to provide new material evidence or show reconsideration is needed to correct clear error or prevent manifest injustice.

The court considers "the weight of the evidence against the person" when ordering detention. § 3142(g)(2). During the reconsideration hearing, Smart argued the court did not consider evidence regarding the location of the gun during Smart's arrest, and that this undermined the court's weight-of-the-evidence calculation. According to Smart, this evidence suggests the passenger of the car, not Smart, possessed the gun. But this information is not new evidence. Smart had personal knowledge of this evidence—he was present at the scene of his own arrest. Further, this evidence was available to Smart in a booking report prior to the detention hearing. And Smart fails to show that the absence of this known evidence at his detention hearing caused manifest injustice. *See Russell*, 994 F.3d at 1243.

In determining whether conditions of release will reasonably assure appearance, the court considers the defendant's length of residence in the community, among other factors. *See* § 3142(g)(3)(A). Smart argues the court was presented with incorrect information with respect to his residence at the time of the detention hearing. (Doc. 31, pp. 7-9). Smart indicated during the detention hearing he resided in the Tampa area with Diamond Bonds, and the court acknowledged the "understanding that there is an oral lease." (Doc. 31, p. 29). Smart now claims there

3

was no lease, that his Tampa living arrangement was temporary,[2] and that he planned to move to a permanent residence in Jacksonville. (Doc. 31, pp. 7-9).

Putting aside the fact that this information served to muddy the waters rather than clarify Smart's residential situation, Smart conceded that the Jacksonville landlord would need to approve his living there and that approval had not yet been obtained. This additional evidence is not new, and even if it were, the court would still have "no confidence that the defendant can be expected to remain [in the Middle District] for the duration of this case pending trial." (Doc. 31, p. 29). And Smart fails to show how omitting his potential future living arrangement at the detention hearing was clear error or renders his detention a manifest injustice. *See Russell*, 994 F.3d at 1243.

Lastly, Smart argues his medical history while detained supports reconsideration. (Doc. 31, pp. 3-6). But a motion to reconsider a detention order is not a proper vehicle for complaints about the conditions of confinement, and Smart's claims are nevertheless unfounded. Smart has already argued his medical condition—a gunshot wound to his leg—supports release. (Doc. 31, pp. 23-24). The

---

[2] During the hearing on reconsideration, Smart's counsel noted his stay in Tampa was only temporary and was prompted by Smart allegedly being shot by his then girlfriend at their residence. According to counsel, Smart's status as a resident could be proven through correspondence by Smart—from that address—to the Florida Fish and Wildlife Conservation Commission about a monkey cage maintained at that address. But this unconvincing information was known to Smart at the time of the detention hearing.

court rejected this argument at the detention hearing and does not reconsider it now. And as recent as August 4, 2022, a Charlotte County Jail health administrator observed that Smart's "surgical sites are nicely healed," and that he has "not once voiced any concerns, questions or submitted a health service request for any medical issues to this point." Even if the court credits Smart's self-serving claim that he frequently limps, no manifest injustice exists here. *See Russell*, 994 F.3d at 1243.

In summary, Smart has offered no new evidence, and reconsideration of the detention order is not necessary to correct clear error or prevent manifest injustice. Accordingly, Smart's motion for reconsideration of bond (Doc. 31) is **DENIED.**

**ORDERED** on August 12, 2022.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE