UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO.: 2:22-cr-61-SPC-NPM

CAMBREL JAMAL SMART

---

## ORDER

Before the Court is pro se Defendant Cambrel Jamal Smart's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 81), along with the Government's opposition (Doc. 83). For the below reasons, the Court denies the motion.

Earlier this year, the Court sentenced Defendant to sixty months' imprisonment for possessing a firearm as a felon. (Doc. 77). Five months have passed. Defendant now asks the Court to reduce his sentence because of the "CRIMNAL HISTORY AMENDMENT, related to 'status points.'" (Doc. 81 at 1). Defendant seems to argue that he qualifies for fewer criminal history points under an amendment to the Sentencing Guidelines proposed—but not yet passed—to Congress. If passed, the amendment will be effective in three months. That's not all. Defendant also says that he has been focusing on rehabilitation while in prison and wants to rejoin his family and community with a fresh start on life.

A district court has no inherent authority to change a defendant's sentence and may do so only when allowed by statute or rule. *See United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). It follows that a defendant can ask to change his sentence if he was sentenced based on a guidelines range the Sentencing Commission later lowered. 18 U.S.C. § 3582(c). In deciding whether to grant a reduction, courts consider the factors in 18 U.S.C. § 3553(a) and if the reduction follows the Commission's applicable policy statements. *Id.*

On April 27, 2023, the Commission submitted amendments to the Sentencing Guidelines effective November 1, 2023. One proposed amendment addresses "status points" for offenders under U.S.S.G. § 4A1.1(d). That section currently adds "2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." § 4A.1.1(d). In its place, the amendment will "[a]dd 1 point if the defendant (1) receives 7 or more points under subsection (a) through (d), and (2) committed the instant offense while under any criminal judge sentence, including probation, parole, supervised release, imprisonment, work release, or escape states." *Id.*

Against this backdrop, the Court denies Defendant's motion for two reasons. First, the motion is premature because it is based on a future amendment to the Sentencing Guidelines that will not be effective for another three months. Second, the motion has no merit because the Court never

applied status points when calculating Defendant's criminal history. (Doc. 72 at 11). Also, Defendant's criminal history category was calculated based on prior convictions and not because he fell into the categories listed under §4A1.1(d).

Even if Defendant's motion were not premature and status points were counted towards his criminal history, the Court still denies the motion because Defendant is a danger to the community and the § 3553(a) factors weigh against his early release. The § 3553 factors include the seriousness of the offense and the need for the sentence to promote respect for the law, provide just punishment, and afford adequate deterrence. 18 U.S.C. § 3553(a); *cf. United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013) (explaining the court need not state on the record it has explicitly considered each factor or discuss each).

Defendant is only twenty-nine years old yet has been convicted of robbery and attempted murder. He is also a documented gang member. And police first encountered Defendant for this case after a traffic stop where he failed a sobriety test and inside his car were a firearm and ammunition. So it would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, and protect the public from future crimes if the Court released Defendant with most of his sentence remaining. The Court thus denies Defendant's Motion.

Accordingly, it is

**ORDERED:**

Defendant Cambrel Jamal Smart's Motion to Reduce Sentence Pursuant

to 18 U.S.C. 3582(c)(2) (Doc. 81) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on August 3, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record