UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CAMBREL JAMAL SMART,

    Petitioner,

v.                                        Case No.:  2:23-cv-596-SPC-NPM
                                                                           2:22-cr-61-SPC-NPM

UNITED STATES OF AMERICA,

    Respondent.
                                                /

## OPINION AND ORDER

Before the Court is Cambrel Jamal Smart's Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. 10).[1] The Respondent filed a Response (Doc. 16) to the Motion, and the Petitioner filed a Reply (Doc. 17). For the reasons below, the Court denies the motion.

## BACKGROUND

Smart pled guilty to one count of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Cr-Doc. 62). The Court sentenced him to 60 months of imprisonment followed by three years of supervised release. (Cr-Doc. 77). After the Court denied Smart's motion to reduce his sentence, he filed his initial § 2255 motion. (Doc. 1). Smart has

---

[1] The Court cites documents from Case No. 2:23-cv-596-SPC-NPM as "Doc. _" and documents from Case No. 2:22-cr-61-SPC-NPM as "Cr-Doc. _."

since amended his § 2255 motion. (Doc. 10). The government opposed Smart's amended motion. (Doc. 16). Smart replied in support of his amended motion. (Doc. 17). Smart's amended § 2255 motion is fully briefed and before this Court for consideration.

Smart argues he was denied effective assistance of counsel because his counsel allegedly failed to advise him and the Court of the precedent outlined in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 597 U.S. 1 (2022). Smart claims that he would not have pled guilty if he had been aware of Bruen. Smart further claims if his counsel had challenged his § 922(g)(1) count under *Bruen*, the Court would have dismissed his case.

## LEGAL STANDARD

### A.  28 U.S.C. § 2255

A prisoner in federal custody can move for his sentence to be vacated, set aside, or corrected if "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Relief under § 2255 is "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). Finally, the petitioner "bears the burden to prove the claims in his § 2255 motion." *Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017).

### B. Ineffective Assistance of Counsel

Under the Sixth Amendment, criminal defendants have the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 683 (1984). To be entitled to relief under the Sixth Amendment, a petitioner must prove (1) "counsel's performance was deficient" by falling below an objective standard of reasonableness and (2) that "the deficient performance prejudiced the defense." *Id.* at 687-688. However, a court does not need to address both *Strickland* prongs "if the petitioner fails to satisfy either of them." *Kokal v. Sec'y, Dep't of Corr.*, 623 F.3d 1331, 1344 (11th Cir. 2010).

As to the first prong, a petitioner must overcome the strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Sealey v. Warden, Georgia Diagnostic Prison*, 954 F.3d 1338, 1354 (11th Cir. 2020) (quoting *Strickland*, 466 U.S. at 694). To show prejudice, a petitioner must show that "but for counsel's unprofessional performance, there is a reasonable probability the result of the proceeding would have been different." *Putman v. Head*, 268 F.3d 1223, 1248 (11th Cir. 2001) (citing *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. *Sealey*, 954 F.3d at 1355.

## DISCUSSION

Smart argues his counsel was ineffective by failing to advise him of the *Bruen* decision. Smart argues that if his counsel had made him aware of *Bruen*, he would not have pled guilty to the criminal charge filed against him. (Doc. 10 at 6-7). Smart believes *Bruen* supports the dismissal of his criminal case. *Id*.

In *Bruen*, the Court considered the constitutionality of a New York firearm licensing regime that required a showing of "additional special need" before the state would issue a firearm license. 597 U.S. at 8-11. The Court held that "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id*. at 24. Applying that test, the Court found the government did not meet its burden in "identify[ing] an American tradition" that supported the licensing requirement, and thus violated the Second Amendment. *Id*. at 70.

But Smart cannot rely on *Bruen*. According to *Bruen*, the Second Amendment applies to "law-abiding, responsible citizens." 597 U.S. at 26. Before his felon-in-possession conviction, Smart was convicted of robbery and attempted murder. (Cr-Doc. 84 at 3). Smart is a felon, not a law-abiding citizen entitled to Second Amendment rights under *Bruen*. 597 U.S. at 26.

4

And the Court has repeatedly made clear the constitutionality of "longstanding prohibitions on the possession of firearms by felons." *Id.* at 81 (Kavanaugh, J., concurring).

The Eleventh Circuit has also recognized the constitutionality of Second Amendment restrictions for felons. The court in *Rozier* found that precedent suggests "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010).

Smart argues the *Bruen* decision abrogates *Rozier*. (Doc. 17 at 4). This argument fails. The Eleventh Circuit has clarified that *Bruen* does not overrule *Rozier*. *See United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024). According to the Eleventh Circuit in *Dubois*, *Bruen* was decided "[i]n keeping with *Heller*," which held that Second Amendment restrictions on felons were constitutional. *Id.* (quoting *Bruen*, 597 U.S. at 17). Thus, *Rozier* is still good law and dispositive of Smart's § 2255 motion.

Finally, Smart references *Rahimi* and *Range* in both his amended § 2255 motion and his reply in support of his amended motion. (Docs. 10 at 6, 17 at 2). Smart anticipated the *Rahimi* decision would "certif[y] the rights of all citizens to bear arms," including felons. (Doc. 10 at 6). But *Rahimi* did not provide Smart with the favorable outcome he anticipated. The Court in *Rahimi* quotes *Heller*, highlighting how Second Amendment restrictions for

5

convicted felons "are 'presumptively lawful.'" *United States v. Rahimi*, No. 22-915, 2024 WL 3074728, at *10 (U.S. June 21, 2024). As for *Range*, the Court vacated and remanded that decision for further consideration in light of *Rahimi*. *See Garland v. Range,* No. 23-374, 2024 WL 3259661 (U.S. July 2, 2024). So neither decision supports Smart's § 2255 motion.

In short, *Bruen* does not affect Smart's case. In *Rozier*, the Eleventh Circuit upheld Second Amendment restrictions on convicted felons as constitutional. *Dubois* and *Rahimi* confirm that *Bruen* does not abrogate *Rozier* or otherwise find Second Amendment restrictions on felons unconstitutional. So, Smart's counsel did not perform deficiently since making an argument under *Bruen* would have been a meritless claim. *See Card v. Dugger*, 911 F.2d 1494, 1520 (11th Cir. 1990) (holding counsel has no duty and cannot be considered ineffective for failing to raise a meritless claim). Thus, the first *Strickland* prong is left unsatisfied.

If one of the *Strickland* prongs is left unsatisfied, then a court need not address the second. *Kokal*, 623 F.3d at 1344. Since Smart has failed to prove deficient performance by his counsel, this Court need not address possible prejudice. Though Smart would also fail in proving the second *Strickland* prong. Since *Bruen* does not guarantee Second Amendment rights for convicted felons, counsel's decision to not advise Smart or the Court of that decision did not prejudice his defense.

## EVIDENTIARY HEARING

A court must hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). To establish he is entitled to an evidentiary hearing, a petitioner must allege facts "that would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance." *Hernandez v. United States*, 778 F.3d 1230, 1232-33 (11th Cir. 2015) (citing *Padilla v. Kentucky*, 559 U.S. 356, 366).

The Court finds an evidentiary hearing unwarranted here. Smart has not alleged facts that would prove either deficient performance or prejudice.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). To appeal such a denial, a district court must first issue a COA, which "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). To make such a showing, a petitioner must establish that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36

7

(2003) (citations omitted). Upon review of the record, the Court finds that Smart has not made the requisite showing. Accordingly, a COA is **DENIED**.

Accordingly, it is now

**ORDERED:**

1. Smart's original Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED as moot**.

2. Smart's amended Motion to Vacate, Set Aside, or Correct Sentence (Doc. 10) is **DENIED**.

3. The Clerk is **DIRECTED** to enter judgment, deny all any pending motions as moot, terminate any deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 16, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

8